UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 1:12-cv-04676 |
| ) | |
| v. ) | |
| ) | |
| JOHN DOES 1-50, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO
QUASH OR MODIFY SUBPOENA [DKT. #12]**

**I.    INTRODUCTION**

Plaintiff respectfully requests the Court deny Defendant's Motion because Defendant has not demonstrated a proper basis to quash the subpoena and joinder is proper. "While we would like to think that everyone obeys the law simply because it is the law and out of a sense of obligation, we also know that laws without penalties may be widely ignored."[1] Plaintiff has suffered great harm due to infringements committed by thousands of residents in this District and has no option but to file these suits to prevent the further widespread theft of its copyright.

The Honorable Magistrate Judge Cudmore of the Central District recently denied a similar motion sever and quash. See Patrick Collins, Inc. v. John Does 1-9, No. 12-CV-3161 (C.D. Ill. Sept. 18, 2012). Additionally, this Court has issued six opinions addressing the same issues in BitTorrent copyright infringement actions holding that similar motions should be denied because joinder is proper at this stage of the litigation proceedings. See First Time Videos, LLC v. Does 1-76, 276 F.R.D. 254, 257 (N.D. Ill. 2011) ("At this stage, joinder is

---

[1] Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary 108th Cong. (2003) available at http://www.copyright.gov/docs/regstat090903.html

1

appropriate."); First Time Videos, LLC v. Does 1-500, 276 F.R.D. 241, 252 (N.D. Ill. 2011) ("An examination of each of these requirements shows that joinder is proper at this time."); MGCIP v. Does 1-316, 10 C 6677, 2011 WL 2292958 (N.D. Ill. June 9, 2011) ("The Court also finds that the putative defendants's arguments that they were improperly joined are premature."); Hard Drive Productions, Inc. v. Does 1-55, 11 C 2798, 2011 WL 4889094 (N.D. Ill. Oct. 12, 2011) ("At this pleading stage, Hard Drive's allegation that Does 1–55 have infringed Hard Drive's copyright through BitTorrent—the nature of which necessitates a concerted action by many people in order to disseminate files—is sufficient to satisfy Rule 20(a)."); Pac. Century Int'l v. Does 1-31, 11 C 9064, 2012 WL 2129003 (N.D. Ill. June 12, 2012) ("at least at this stage, Plaintiff's allegations that the anonymous defendants participated in the same "swarm" (at varying times spanning just over one month) sufficiently alleges that they were involved in "a series of transactions" to warrant joinder under Rule 20."); Sunlust Pictures, LLC v. Does 1-75, 12 C 1546, 2012 WL 3717768 (N.D. Ill. Aug. 27, 2012) ("joinder is appropriate in this case because Sunlust has alleged sufficient facts to provide a basis for joinder of all of the defendants.")

Both the Eighth and Second Circuits, the only circuits to rule on the issue, have approved the use of Rule 45 subpoenas in on-line infringement cases to identify anonymous Doe Defendants. The Eight Circuit held "organizations such as the RIAA can file a John Doe suit, along with a motion for third-party discovery of the identity of the otherwise anonymous 'John Doe' defendant." In re Charter Communications, Inc., Subpoena Enforcement Matter, 393 F.3d 771, FN3 (8th Cir. 2005). Similarly, in Arista Records, LLC. v. Doe 3, 604 F.3d 110 (2d Cir. 2010) the Second Circuit upheld the District Court's denial of a motion to quash after Arista obtained leave "to serve a subpoena on defendants' common ISP, the State University of New

York at Albany." By so holding, the Second Circuit approved the process of issuing a Rule 45 subpoena to an ISP to identify anonymous Doe Defendants.

At this stage of the litigation process, Plaintiff has no other option but to file suit against the owners of these IP addresses to obtain the infringers identity. If this Court were to follow Defendant's rationale, Plaintiff would have no recourse against the mass copyright infringement it suffers on a daily basis. Accordingly, this Court should deny the subject motion.

## II. JOINDER IS PROPER

"'With the advent of industrialization, high-speed transportation, and urbanization, more intricate disputes appeared with greater frequency,' requiring greater use of the more liberal joinder procedures." Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1094 (2d Cir. 1992) (quoting 6A Wright, Miller & Kane § 1581). Fed.R.Civ.P. 20(a) permits joinder when: (1) there is the "same transaction or occurrence" or (2) a "series of transactions or occurrences" or (3) claims upon which the plaintiff asserts the right to relief jointly or "severally" against the defendants. Rule 20(a) not only permits permissive joinder when there is the same transaction or occurrence, it also permits joinder when a Plaintiff has pled (a) "series of transactions or occurrences" or (b) joint or several liability. Plaintiff has done both here.

"Here, the nature of the technology compels the conclusion that defendants' alleged transactions were part of the same "series of transactions or occurrences." Accordingly, we find that the Rule 20(a)(2) criteria for joinder are satisfied." Malibu Media, LLC v. John Does 1-5, 12 CIV. 2954 NRB, 2012 WL 3641291 (S.D.N.Y. Aug. 24, 2012) (memorandum and order denying motion to sever and dismiss) (internal citation omitted).

3

### A. The Infringement Occurred Through a Series of Transactions

Under Fed. R. Civ. P. 20(a) "series" has been interpreted by Circuit Courts to mean a "logically related" fact pattern.

> [A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.

Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

While the logical relationship test does not require it, should this matter go to trial, Plaintiff will prove that the Defendants' infringement was committed through the same transaction or through a series of transactions with mathematical certainty by demonstrating, *inter alia,* that the algorithm used by BitTorrent Trackers would have caused the entire series of transactions to be different but for each of the Defendants' infringements.

#### i. Here, Plaintiff Properly Pled a Series of Transactions

Plaintiff alleges that its investigator, IPP Limited, was able to receive a piece of Plaintiff's copyrighted movie from each Defendant. In order for Plaintiff's investigator to have received this piece, each alleged infringer must have had part of Plaintiff's movie on his or her computer and allowed others to download it.

There are four possible ways that each Defendant may have received the piece of the movie that was sent to IPP Limited. First, the Defendant may have directly connected with the initial seeder and downloaded a piece of the file directly from the initial seeder's computer. Second, the Defendant may have directly connected to and received a piece of the movie from a seeder who downloaded the movie from the initial seeder or other infringers. Third, the Defendant may have connected to or received a piece of the movie from other Defendants that

4

received the movie from the initial seeder or other infringers. Fourth, the Defendant may have connected to or received a piece of the movie from other infringers who downloaded from other Defendants, other infringers, other seeders, or the initial seeder.

"In other words . . . at some point, each Defendant downloaded a piece of the Movie, which had been transferred through a series of uploads and downloads from the Initial Seeder, through other users or directly, to each Defendant, and finally to IPP." Patrick Collins, Inc. v. John Does 1-21, 2012 WL 1190840, at *5 (E.D. Mich. Apr. 5, 2012). Each defendant participated in the same series of transactions. These transactions are all reasonably related, not just because Defendants used BitTorrent, but also because Defendants utilized the computers of others to download the same file, and allowed others to access their computer to receive it.

### ii. The Supreme Court Allows Joinder When the Defendants Do Not Directly Interact With Each Other

In United States v. Mississippi, 380 U.S. 128 (1965) the Supreme Court found that the joinder of six defendants, election registrars of six different counties, was proper because the allegations were all based on the same state-wide system designed to enforce the voter registration laws in a way that would deprive African Americans of the right to vote. Although the complaint did not allege that the registrars directly interacted with each other, or even that they knew of each other's actions, or that each other's actions directly affected each other in any way, the Supreme Court interpreted Rule 20 to hold a right to relief severally because the series of transactions were related and contained a common law and fact. Id. at 142-143.

> [T]he complaint charged that the registrars had acted and were continuing to act as part of a state-wide system designed to enforce the registration laws in a way that would inevitably deprive colored people of the right to vote solely because of their color. On such an allegation the joinder of all the registrars as defendants in a single suit is authorized by Rule 20(a) of the Federal Rules of Civil Procedure.

5

Id. at 142. Indeed, the Supreme Court held all of the defendants were joined properly because they were all acting on the basis of the same system which created a transactional relatedness.

Likewise, in the case at hand, it is not necessary for each of the Defendants to have directly interacted with each other Defendant, or have shared a piece of the file with each and every Defendant when downloading the movie. Defendant's argument that joinder is improper because the infringement occurred from different locations at different times is therefore unavailing. The defendants are properly joined because their actions directly relate back to the same initial seed of the swarm, and their alleged infringement further advances the series of infringements that began with that initial seed and continued through other infringers. The Defendants all acted under the same exact system. Just as it was not alleged in United States v. Mississippi that the registrars shared with each other their efforts to prevent African Americans from voting, it is not necessary for the Defendants to have shared the pieces of the movie with each other. It is sufficient that the Defendants shared pieces that originated from the same exact file, and opened their computer to allow others to connect and receive these pieces.

### B. The Time Period For Infringement

The nature of the BitTorrent protocol provides for continuous seeding and distributing of the movie long after it has downloaded. Without stopping the program by physically un-checking the automatic seeding, an alleged infringer likely will seed and distribute a movie for an extended period of time. As the Eastern District of Michigan explained the technology, even after an infringer has completed a download of the movie, he or she may distribute the movie for weeks after having received the download.

> [I]t is not that an infringer would wait six weeks to receive the Movie, it is that <u>the infringer receives the Movie in a few hours and then leaves his or her computer on with the Client Program uploading the Movie to other peers for six weeks.</u> Because the Client Program's default setting (unless disabled) is to begin

6

> uploading a piece as soon as it is received and verified against the expected Hash, it is <u>not difficult to believe that a Defendant who downloaded the Movie on day one, would have uploaded the Movie to another Defendant or peer six weeks later. This consideration, however, is irrelevant since concerted action is not required for joinder.</u>

Patrick Collins, Inc. v. John Does 1-21, 2012 WL 1190840 (E.D. Mich. Apr. 5, 2012) (emphasis added). Here, Plaintiff's investigator received a piece of the movie from the defendants when they were allegedly distributing it to others.

The Southern District of New York, in recognizing that the concept of joinder is adaptable to changing technological landscapes impacting the complexity of lawsuits stated, "[w]hile the period at issue may therefore appear protracted by ordinary standards, the doctrine of joinder must be able to adapt to the technologies of our time." Malibu Media, LLC v. John Does 1-5, 12 CIV. 2954 NRB, 2012 WL 3641291 (S.D.N.Y. Aug. 24, 2012). The Michigan Court further explained that time constraints should not impact that the infringements occurred through a series of transactions. "[T]he law of joinder does not have as a precondition that there be temporal distance or temporal overlap; it is enough that the alleged BitTorrent infringers participated in the same series of uploads and downloads in the same swarm." Patrick Collins, Inc. v. John Does 1-21, 2012 WL 1190840 (E.D. Mich. Apr. 5, 2012.)

### C. There Are Common Issues of Fact and Law

Rule 20(a)(2)(B) requires the plaintiffs' claims against the putative defendants to contain a common question of law or fact. "The Plaintiff meets this requirement. In each case, the Plaintiff will have to establish against each putative defendant the same legal claims concerning the validity of the copyrights in the movies at issue and the infringement of the exclusive rights reserved to the plaintiffs as copyright holders." Nu Image, Inc. v. Does 1-3, 932, 2:11-CV-545-FTM-29, 2012 WL 1255189 (M.D. Fla. Apr. 12, 2012). The "factual issues related to how

7

BitTorrent works and the methods used by plaintiffs to investigate, uncover and collect evidence about the infringing activity will be essentially identical for each putative defendant." Call of the Wild Movie v. Does 1-1,062, 770 F. Supp. 2d 332, 344-345 (D.D.C. 2011).

### D. Joinder Promotes Judicial Efficiency and is Beneficial to Putative <u>Defendant</u>

Joinder of the Defendants creates judicial efficiency, particularly at this stage of the litigation process and is beneficial to the Doe Defendants. "The Court finds that joinder, at this stage of the litigation, will not prejudice any party and will promote judicial efficiency." Patrick Collins, Inc. v. John Does 1-33, 11-CV-02163-CMA-MJW, 2012 WL 415424 (D. Colo. Feb. 8, 2012). "[C]ourts have opined that requiring aggrieved parties to file hundreds or even thousands of separate copyright infringement actions would neither be cost efficient for the plaintiffs nor promote convenience or judicial economy for the courts." Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239 at FN 6 (S.D.N.Y. 2012). This is especially true in cases where a limited number of Doe Defendants have been joined together as here.

> Doe/4 also asks the Court to exercise its discretion to sever the cases because joinder does not promote judicial economy. Doe/4 again cites a number of courts that have done so. <u>Most of those cases involved hundreds of defendant Does only known by IP addresses. In those cases, joinder might have been too cumbersome. The Court sees no such problem in this case. Collins has named nine defendants, not hundreds.</u> The nine Alleged IP Addresses all are located in this District. <u>Joinder at the discovery phase would be more efficient than conducting the same discovery in nine separate cases.</u>

Patrick Collins, Inc. v. John Does 1-9, 3:12-cv-03161-RM-BGC, DKT. #7 (C.D. Ill. Sept. 18, 2012) (emphasis added).

Although Doe Defendants may later assert different factual and legal defenses, this does not defeat joinder at this stage of the litigation. "The Court recognizes that each Defendant may later present different factual and substantive legal defenses, but that does not defeat, at this stage of the proceedings, the commonality in facts and legal claims that support joinder under Rule

8

20(a)(2)(B)." K-Beech Inc., v. John Does 1-57, Case 2:11-cv-00358-CEH-SPC, at *12 (M.D. Fla. 2011). See also Patrick Collins, Inc. v. John Does 1-15, 11-CV-02164-CMA-MJW, 2012 WL 415436 (D. Colo. Feb. 8, 2012) (same) (quoting Call of the Wild Movie, 770 F.Supp.2d at 343).

### E. The Cases Relied Upon by Defendant Have Been Distinguished in *Such a Way as Would Make Joinder Proper Here*

Defendant cites various cases in an effort to avoid joinder. Some of the cases cited by Defendant, unlike this case, involve multiple Plaintiffs and infringement of multiple copyrights in the same lawsuit. See (1) Twentieth Century Fox Film Corp. et. al. v. Does 1-12, Case No. 3:04-cv-04862-WHA, (N.D. Cal. 2004), (6 Plaintiffs – 13 songs, see the Complaint at ¶¶ 4-11 and Exhibit A to the Complaint); (2) Interscope Records, et. al. v. Does 1-25, 2004 U.S. Dist. LEXIS, Case No. 6:04-cv-197 – ACC- DAB (M.D. Fla. 2004), (16 Plaintiffs and dozens if not hundreds of songs, see the Complaint at ¶¶ 4-19 and Exhibit A to the Complaint); and (3) BMG Music v. Does 1-203, Case No. 2:04-cv-00650-CN (E.D.P.A. 2004) (17 Plaintiffs and numerous works, see the Complaint at ¶¶ 4-19 & 23). Since multiple works were at issue in these copyright cases, the Plaintiffs in those cases did not plead that the online infringements were part of the same transaction or series of transactions or that the defendants in those cases were contributorily liable for each others' infringement.

Defendant's citation to LaFace Records v. Does 1-38, 2008 WL 544992 (E.D.N.C. 2008) is also misplaced. Def.'s Mot. at p. 5. In LaFace, eleven recording studios sued over dozens of copyrights. The only commonality supporting joinder was that the Defendants used Gnutella, a peer-to-peer file sharing protocol. Significantly, Gnutella works through one peer to one peer transactions; i.e., a user connects to one computer and gets the whole file. Here, Plaintiff only sued on one copy of one movie which was broken up into pieces by BitTorrent. And, Plaintiff

9

alleged that the Defendants were distributing the pieces to each other. Indeed, BitTorrent works differently than Gnutella insofar as it causes all participants in a swarm to upload pieces of the movie to each other. Consequently, here, Plaintiff pled that each of the Defendants is contributorily liable for the infringement of each of the other Defendants. This is yet another basis to hold that joinder is proper.

### F. Defendant's Argument Concerning Filing Fees Has Been Rejected

Recently, the District Court for the District of Columbia examined the issue of filing fees in copyright infringement cases in an evidentiary hearing on the issue of joinder. "The Movant ISPs acknowledged that the plaintiff would not be able to protect its copyright if the Court were to sever the unknown defendants in this action due to the cost of filing an individual lawsuit for each of the thousands of IP addresses identified as being used for allegedly online infringing activity. Hearing Tr. at 127–28 (Apr. 27, 2012)." AF Holdings LLC v. Does 1-1,058, CIV.A. 12-0048 BAH, 2012 WL 3204917 (D.D.C. 2012). Judge Howell expressly found that individual filing fees would impossibly burden plaintiff's Petition Clause right.

> Severing the Doe defendants would essentially require the plaintiff to file 1,058 separate cases, pay separate filing fees, and obtain 1,058 separate subpoenas for each of the Listed IP Addresses. This burden for the plaintiff—not to mention the judicial system—would significantly frustrate the plaintiff's efforts to identify and seek a remedy from those engaging in the alleged infringing activity. Moreover, such an outcome would certainly not be in the "interest of convenience and judicial economy," or "secure the just, speedy, and inexpensive determination of th[e] action." Lane, 2007 WL 2007493, at *7 (declining to sever defendants where "parties joined for the time being promotes more efficient case management and discovery" and no party was prejudiced by joinder).

Id. at *13. (Emphasis added).

The District Court of Colorado also addressed the issue of filing fees in copyright infringement actions and noted that requiring a plaintiff to pay the filing fees for each defendant

10

limited its ability to protect its rights, contrary to Fed. R. Civ. P. 1. See Patrick Collins, Inc. v. John Does 1-15, 11-CV-02164-CMA-MJW, 2012 WL 415436 (D. Colo. 2012).

> If the Court were to sever the Doe Defendants at this juncture, Plaintiff would face significant obstacles in its efforts to protect the Work from copyright infringement, which would only needlessly delay the suit. Furthermore, Plaintiff would need to file individual cases, which would require Plaintiff to pay the Court separate filing fees in each case, further limiting its ability to protect its legal rights. *See* Fed.R.Civ.P. 1 (providing that the Federal Rules of Civil Procedure should be construed "to secure the just, speedy, and inexpensive determination of every action and proceeding."). Thus, Plaintiff would be substantially prejudiced by severance.

Id. at *3.

Requiring copyright holders to pay a filing fee for each individual infringement impermissibly burdens Plaintiff because it would be unable to bring the petitions that need to be brought. Here, Plaintiff would simply be unable to afford even 1% of the individual actions against infringers each month. Plaintiff would not be able to effectively deter infringement.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

Dated: October 29, 2012

    Respectfully submitted,
    NICOLETTI & ASSOCIATES, PLLC

By:   /s/ *Paul J. Nicoletti*
    Paul J. Nicoletti, Esq. (P44419)
    36880 Woodward Ave, Suite 100
    Bloomfield Hills, MI 48304
    Tel: (248) 203-7800
    Fax: (248) 203-7801
    E-Fax: (248) 928-7051
    Email: paul@nicoletti-associates.com
    *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Paul J. Nicoletti*